STATE, ex rel. GREEN ACRES DEVELOPMENT COMPANY, an Ohio corporation et, Plaintiffs-Relators, v. SABO, Building Inspector et, Defendants-Respondents.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24356.   Decided April 2, 1958.

Stanley P. Zuris, Oberlin, for plaintiffs-relators.
Orgill, Klein, Loux & Wickham, by Lloyd F. Loux, for defendants-respondents.

## OPINION

Per CURIAM:

In this original action filed in this court, relators seek a writ of mandamus to require respondents, the Building Inspector of the Village of West View, and other officials, to approve relators' application and to issue a building permit for the construction of a trailer camp in said village.  We find from the record facts as follows:

That on June 11, 1957, relators made application for said permit; that at that time Section IX of Ordinance No. 558 of the Village of West View was in full force and effect, and that the real estate under District F thereof was zoned for trailer park purposes; that in fact it was the only area in said village which was zoned for such purposes; that the plans and specifications therefor had previously been submitted to and approved by the Department of Health of the State of Ohio and the Cuyahoga County Board of Health.

We find further that the plans and specifications submitted with said application conformed in all respects to all laws, ordinances, rules and regulations then in full force and effect in said village; that the application for a building permit for the construction of said trailer camp and in connection therewith the improvement of a railroad crossing dividing Parcel 1, on which the trailer camp is to be constructed, and Parcel 2, which forms the entrance thereof on Columbia Road in said village, was filed with respondents and that relators did everything

necessary to be done to entitle them to the issuance of said permit, but that all efforts of said relators and applications made by them were arbitrarily refused by said respondents; that relators then thereafter exhausted all remedies by way of appeal or otherwise provided by ordinances, but that respondents and other responsible officials of said village persistently refused to accept said application and fees tendered in conformity with existing ordinances and thwarted certain bona fide efforts of relators to secure said permit by refusing to accept applications therefor and denied appeals provided by ordinances.

We conclude that under the facts shown in the record as a matter of law relators had a clear right to the issuance of said permit at the time the application therefor was made and now have a clear right to such issuance and that the respondents have had and now have a clear duty to issue said permit and that the relators having no plain and adequate remedy in the ordinary course of law are entitled to a peremptory writ of mandamus. It is therefore ordered that such writ be allowed to issue requiring the respondents to issue said building permit as prayed for.

Exceptions allowed. Order see journal.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.